BOUTALL, Judge.
This case arises from a multiple-vehicle accident which resulted in a death, injuries to a number of persons, and property damage. The trial court rendered judgment in favor of the plaintiff for damages and dismissed the defendants’ third party demand for contribution. The defendants and third party plaintiffs have taken this appeal.
The accident took place on the morning of October 30, 1979 on U.S. Highway 90, a four lane highway divided by a narrow median, between Avondale and Boutte. Wayne Wiggins was driving in the left lane, had slowed down and then stopped for traffic at a gap in the median, intending to make a U-turn. Three other cars in his lane had stopped behind him. Alex Guidry, driving a tractor-trailer owned by Bourg Trucking Service (Bourg), attempted to move from the right to the left lane and piled into the fourth stopped car, setting off a chain reaction and knocking Wiggins’ car into one in the oncoming lane of traffic.
Three lawsuits were filed and were consolidated for trial. Guidry, Bourg, and Bourg’s insurer, National Indemnity Company, settled with and obtained releases from all the plaintiffs except Nancy Trox-ler and also from other claimants who had not filed suit. National Indemnity and Bourg filed a third party demand against Wayne Wiggins’ employer, Browning-Fer *798 ris Industries, Inc. (BFI) and its insurer, Continental Casualty Company (Continental) for the full amount of any judgments and/or settlements which they would be required to pay or had paid. The trial court found in favor of Nancy Troxler and awarded her $12,500 without court cost or judicial interest in accordance with a stipulation by the parties. The court further ordered that the third party demand of National Indemnity and Bourg be dismissed. In his reasons for judgment the trial judge said that Guidry was negligent and his negligence was the proximate cause of the accident. He found that Wiggins was not negligent. This appeal followed. We affirm.
The issues before us are whether Wiggins was negligent and his negligence was a cause of the accident and whether National Indemnity was entitled to contribution from BFI and Continental.

Negligence

Under the facts of this case the applicable statutes are LSA R.S. 32:104 and LSA-R.S. 32:79. LSA-R.S. 32:104 reads as follows:
“A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
“B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.
“C. No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.”
LSA-R.S. 32:79 provides, in pertinent part:
“Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
“(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.”
The appellants argue that Wiggins violated section 104, while the appellees argue that Guidry violated section 79.
National Indemnity admits that Guidry was negligent but contends that Wiggins was also negligent and his violation of a statute set in motion the chain of events which resulted in the accident. Although he did turn on his blinker signal in advance, he attempted to turn left when he knew he would partially block the road and the volume and speed of traffic made the move unsafe. National Indemnity asserts that Wiggins’ violation constituted negligence per se and was a legal cause of the collision. A summary of the applicable jurisprudence on legal cause appears in Arthur Dooley & Son, Etc. v. Johnson, 422 So.2d 1270 (La.App. 5th Cir.1982), writ denied 429 So.2d 152 (La.1983), at 1275-76:
“Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm; that is, if the harm would not have occurred without it. Dixie Drive it Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). A defendant’s conduct must be a necessary antecedent of plaintiff’s harm but it need not be the sole cause contributing to the harm; if the plaintiff can show that he probably would not have suffered injury absent defendant’s conduct, he has carried his burden of proof relative to cause in fact. Straley v. Calongne Drayage & Storage, Inc., 346 So.2d 171 (La.1977).”
*799 The appellant argues that Wiggins was negligent in the following ways: he attempted a U-turn under circumstances that made the move unsafe; he did not activate the blinker signal soon enough; and he had no compelling reason to make the U-turn.
Testimony was heard from the following witnesses: Richard K. Reece, the driver of the car directly behind Wiggins’; Albert Willumitis, the state trooper who investigated the accident shortly after its occurrence; Estella Tabor, driver of the car which was struck on the opposite side of the highway by Wiggins’ car; Wayne Wiggins; Alex P. Guidry, Jr.; and Nancy Trox-ler, the plaintiff and appellee. An independent eye witness, Barbara Streviaski, could not be located for trial.
The accident occurred on a fair day in open country. Traffic in the right lane was moving at about 45 miles per hour and in the left lane at about 55. Testimony varied as to the heaviness of traffic; however none of the witnesses testified that it was very heavy. Guidry and Troxler, driving a pickup directly behind Reece’s car, both testified that the right lane traffic was slower because a boat was being towed. Other witnesses did not see the boat. Reece, driving behind Wiggins, was aware of other cars behind him in the left lane but had no fear that they would have difficulty in stopping.
Guidry testified that he was driving 45 miles per hour in the right lane, waiting for a car to pass (the one he later hit), then checked the left-hand rear-view mirror for other traffic and switched lanes. He then looked to the right mirror to check the clearance of his trailer. When he turned his head back he saw the traffic stopped. The state trooper, Willumitis, testified that he measured skid marks, made by Guidry’s tractor-trailer, of 240 feet to the point of impact. We conclude that Gui-dry was inattentive, as from the cab of his vehicle he should have seen the stopped vehicles sooner. The appellant’s argument that Wiggins should have chosen an alternative to making the U-turn is without merit. Louisiana law does not prohibit making U-turns except where expressly forbidden, and the Department of Transportation, has seen fit to provide gaps in the median of the highway for that very purpose. Further, it is apparent that Wiggins gave sufficient warning, as the three cars following him had time to come to a complete stop and wait for him to turn.
Accordingly, we hold that the trial judge correctly ruled that Guidry’s negligence was the proximate cause of the accident. Contribution
National Indemnity asserts that it is entitled to contribution from BFI’s insurer because Wayne Wiggins, on a company errand, was negligent and was a joint tort-feasor with Alex Guidry. It seeks contribution from Continental for one-half of the total amount it paid in settlements and claims. As we affirm the trial court’s ruling that Wiggins was not jointly negligent with Guidry in causing the accident and the parties are not solidarily liable, there is no basis for National Indemnity’s demand for contribution. Accordingly we affirm that part of the judgment dismissing the defendants’ third party demand against BFI, Continental and Wiggins.
For the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.