506 So.2d 181 (1987)
Jerry GUILLORY, Sr.
v.
GULF SOUTH BEVERAGES, INC. & Donald L. Veals.
Donald L. VEALS
v.
Jerry GUILLORY, Sr., et al.
ENTERPRISE TRANSPORTATION CO. and Ranger Insurance Company
v.
Donald L. VEALS, et al.
Nos. 86-CA-758 to 86-CA-760.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
*182 Geoffrey P. Snodgrass, Lawrence J. Ernst, Daniel A. Rees, Christovich & Kearney, New Orleans, for plaintiff/appellee & defendant/appellant, Enterprise Transp. Corp. and Ranger Ins. Co.
Terrence J. Hand, Metairie, for plaintiff/appellee in Case 16,669 and defendant in Case 16,670, Donald L. Veals.
E. Ross Buckley, Jr., Thomas Buck, Blue, Williams and Buckley, Metairie, for defendant/appellee, Employers Ins. of Wausau and for appellants Donald L. Veals, MSB Mfg. Co., Gulf South Beverages, Inc. and Employers Ins. of Wausau.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
BOWES, Judge.
Plaintiff Jerry Guillory, Sr. filed suit against the employer and insurer of Donald Veals for injuries received in an accident on U.S. Highway 61 on June 15, 1983, when the tractor-trailer driven by Guillory was struck from the rear by the tractor-trailer operated by Veals. Veals filed a separate action against Guillory and Guillory's employer and insurer for his injuries. Enterprise Transportation Company (hereinafter Enterprise), Guillory's employer, sued Veals and the other original defendants for its property losses, recoupment of related costs and expenses, and loss of income. Enterprise further specially alleged negligent misrepresentation on the part of Employers Insurance of Wausau (hereinafter Employers), the insurance carrier of Veals and of Veals' employer. All suits were consolidated. The trial court maintained the exception of no cause of action filed by Veals and Employers as to the portion of Enterprise's action against Employers for negligent misrepresentation. Enterprise has appealed that judgment. The trial court also granted summary judgment in favor of Enterprise and against Veals, et al., "as to liability for the accident forming the basis of these consolidated suits"; that judgment further dismissed Veals' suit against Guillory and Enterprise. Veals has appealed that judgment. We affirm the judgment maintaining the exception of no cause of action, but reverse the summary judgment and remand that matter for further proceedings.
The accident in question occurred on Highway 61 in St. John the Baptist Parish. Guillory generally alleged in his petition that he was struck from the rear, and that Veals was negligent: (1) in operating his vehicle at an excessive speed; (2) failing to apply his brakes in time; (3) operating the vehicle while intoxicated; (4) following too closely; (5) failing to keep a proper lookout and (6) failing to turn to avoid the collision.
In his suit, Veals alleged that while approaching the intersection of Louisiana Highway 54 behind Guillory's tractor-trailer, that vehicle, suddenly and without warning, stopped in the roadway causing the collision. Veals contends that he was free from fault. The petition of Enterprise states that Guillory was struck by Veals while preparing to execute a right turn onto Highway 54. Enterprise reiterated the allegations of negligence on the part of Veals, adding that Veals' vehicle had defective brakes and other general negligence accusations.
The parties filed answers and various third party demands and cross claims against each other, none of which are particularly relevant to the present inquiries.

EXCEPTION OF NO CAUSE OF ACTION
In its original petition, Enterprise alleged the following:

*183 Subsequent to the casualty sued upon herein, Employers Insurance of Wausau negligently and in bad faith misrepresented and misled petitioners to their detriment during negotiation of settlement, intentionally delayed said negotiations, and failed to make adequate and timely investigation of the casualty thereby further damaging petitioners by extending and aggravating their damages and necessitating the bringing of a suit on a claim of absolute and clear liability, requiring the expenditure of attorney's fees and costs to which petitioners are entitled to recover as additional damages.
The foregoing are the only particulars alleged against Employers in the petition with respect to the cause of action at issue. The exception of no cause of action is triable solely on the face of the petition, and no evidence may be introduced at any time to support or controvert such exception. La.C.C.P. art. 931.
On appeal, Enterprise argues, in essence, that a claimant who is not a party in a contract of insurance is a third party beneficiary under Civil Code Article 1978 and, therefore, under Article 1981,[1] that third party beneficiary has the right to demand performance from the promisor, ie., the insurer. Appellant Enterprise urges that in the context of liability insurance, the stipulatorthe named insuredhas contracted for the benefit of the third party beneficiarythe injured claimant. This appears to be a res nova issue in Louisiana.
Citing Davies v. Consolidated Underwriters, 199 La. 459, 6 So.2d 351 (1942) for the proposition that a liability insurance policy is not issued primarily for the benefit of the insured but for the protection of the public, Enterprise states that such public benefit is a major consideration in the consummation of the insurance contract; accordingly, Enterprise argues, the insurance carrier as promisor has contractual duties flowing to the injured members of the public. Consequently, they assert that the injured claimant as third party beneficiary is party to the contract and the covenant to act in good faith and deal fairly should run toward him as well as the stipulator.
We find this to be a novel, but unconvincing, argument; we hold that the law of Louisiana does not recognize the cause of action urged by Enterprise for damages against the tort-feasor's insurer, under the allegations made here, for failure to settle a claim that he has made against them.
La.R.S. 22:658[2] authorizes penalties and attorney fees for arbitrary refusal to pay a *184 loss under an insurance policy. Such penalties are payable to the insured; there is no authority in this statute for punitive damages payable to a third party not an insured under the policy.
In Security Insurance Company of Hartford v. Deshotels, 458 So.2d 186 (La. App. 5 Cir.1984), this court was faced with a dispute between a third party tort-feasor's insurer and a worker's compensation insurer over reimbursement for compensation and other benefits. The pertinent portion of the opinion dealt with a claim by the compensation insurer against the tort-feasor's insurer for damages for bad-faith failure to settle within policy limits. In denying this claim, this court held as follows:
LSA-R.S. 22:658 provides for the payment of penalties and attorney's fees by an insurer to the insured for arbitrary or capricious failure to pay claims due an insured. The statute specifically states the penalty is "payable to the insured...." Security [the compensation insurer] is not an insured under the provisions of Metropolitan's [the tort-feasor's insurer] policy; Security's right to sue Metropolitan arose only within the confines of the Direct Action Statute, LSA-R.S. 22:655, as an "injured party." Any rights that may have arisen as a result of Metropolitan's settlements with Williams and Hodges, or its failure to settle for all its policy limits with Security, inure to Metropolitan's insured, Deshotels. See Aswell v. United States Fidelity and Guaranty Co., 264 So.2d 656 (La.App. 3 Cir.1972); Michel v. Guillot, 186 So.2d 889 (La.App. 1 Cir.1966).
This court has previously discussed the requisites of an action for negligent misrepresentation in Josephs v. Austin, 420 So.2d 1181 (La.App. 5 Cir.1982), in which we stated:
The Louisiana Supreme Court has recognized that LSA-C.C. arts. 2315 and 2316 afford a broad ambit of protection for persons damaged by intentional and negligent acts of others, sufficient to encompass a cause of action for negligent misrepresentation. Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979). Our courts have held that in order to apply negligent misrepresentation, there must be a legal duty to supply the correct information, and a breach of that duty causing damage to plaintiff. Hilliard v. La. Health Service & Indemnity Co., d/b/a La. Blue Cross, 411 So.2d 1116 (La.App. 4th Cir.1982) rehearing denied; Beal v. Lomas & Nettleton Co., 410 So.2d 318 (La.App. 4th Cir.1982).
Further, plaintiff must show damages as a result of his justifiable reliance on the defendant's misrepresentations. Busby v. Parish National Bank, 464 So.2d 374 (La. App. 1 Cir.1985).
It has been firmly established in Louisiana that there is no duty imposed upon adversaries to advise each other of their rights. Williams v. Red Barn Chemicals, Inc., 188 So.2d 78 (La.App. 1 Cir. 1966); Green v. Grain Dealers Mutual Ins. Co., 144 So.2d 685 (La.App. 4 Cir.1962). In the case before us, it is clear that the petition does not evidence any facts indicating a legal relationship between Enterprise, the plaintiff, and Employers, the defendant, which gives rise to a duty to provide correct information. However, within the context of insurer and plaintiff, the courts have applied the doctrine of contra non valentum to prevent a plaintiff from losing his legal right to bring suit because of certain misleading conduct on the part of the insurer. See, e.g., Guice v. Mustakas, 490 So.2d 390 (La.App. 5 Cir.1986). Enterprise has alleged no such loss of right in its petition, nor has the issue of prescription been raised. Indeed, we find that Enterprise has alleged no cause of action of any kind under the theory of negligent misrepresentation, nor under the theory of contra non valentum.
In essence, Enterprise seeks to stand in the shoes of an insured under LSA-R.S. 22:658 to obtain penalties and attorney's fees for arbitrary refusal to pay a claim. R.S. 22:658 is penal in nature and is to be strictly construed. Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983). We are, *185 therefore, not free to read into it a substitution of an injured plaintiff, as a third party beneficiary, for the insured who is entitled to penalties and attorney's fees under that statute. We cannot extrapolate, from the statement of general public policy contained in R.S. 22:655,[3] an intent on the part of our legislature to permit a plaintiff (who is not an insured) to enforce the statutory rights granted an insured against his insurer in the event of an arbitrary refusal to pay a claim. In effect, the plaintiff, Enterprise, is requesting the right to demand settlement of its claims from an adverse party in order to enable it to avoid litigation. In our view, appellant cites no genuine authority for this position, we have found none, and we decline to create such a right. Consequently, we find that the exception of no cause of action was well taken and that the trial judge was correct in maintaining the same.

SUMMARY JUDGMENT
The second judgment on appeal is a summary judgment in favor of Enterprise and it's insurer, Ranger Insurance Company, dismissing Veals' suit against it and granting partial judgment in favor of Enterprise and against Veals, et al, on the issue of liability for the accident. The Court, according to that judgment, considered the pleadings, memoranda and argument and Veals' deposition in its determination. No affidavits were submitted in conjunction with the motion for summary judgment.
The pertinent portion of the pleadings have been discussed above, and, in our firm opinion, do not dispose of the question of liability. Veals' deposition disclosed a number of issues. Most significantly, Veals deposed that: after pulling onto Highway 61 behind the Guillory truck, he maintained a distance of approximately two truck lengths from Guillory and, when Guillory began to slow down, Veals slowed down also; it was a rainy day and they had not been speeding; just before Guillory began to execute his turn, he put on his turn signal; then Guillory turned right and stopped his vehicle "half on Airline and half in the [turn] lane; Guillory made his turn but he stopped. Follow me? He stopped halfway in and halfway out." Veals applied his brakes, which failed, and he collided into the back of the Guillory vehicle.
We specifically do not pass on the truth or accuracy of the statements in Veals' deposition. That can only be determined by a trial on the merits. However, the law is well settled that a person who intends to turn from or stop or suddenly decrease his speed upon a roadway must first ascertain that the maneuver can be made with reasonable safety and then give an appropriate signal to following vehicles. Williams v. State Farm Mutual Automobile Insurance Co., et al, 266 So.2d 718 (La.App. 3 Cir.1972); LSA-R.S. 32:104. Implicit in such requirement is the necessity of signalling sufficiently prior to executing such a turn so as to alert the following vehicles. According to Veals' deposition, Guillory signalled "a couple of seconds" prior to beginning his turn. It is a question of fact to be determined by the trial court, considering the totality of the circumstances, as to whether or not Guillory's signal was adequate. In light of Veals' statement that Guillory stopped his vehicle on the highway (and without enlightenment as to why he may have done so), we have serious questions as to Guillory's complete freedom from fault. Also, we note that a following motorist may exculpate himself from the presumption of negligence by showing that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid. See State Farm Mutual Automobile Insurance Co. v. Hoerner, 426 So.2d 205 (La.App. 4 Cir.1982). It is apparent, then, that Veals' deposition raises, rather than *186 resolves, doubt as to Guillory's total freedom from negligence. Under the doctrine of comparative negligence, such a finding must be made in order to maintain the summary judgment granted by the trial court, which not only found Veals at fault but dismissed his suit entirely.
[1] La.C.C.P. art. 966 and the jurisprudence thereunder state that a summary judgment can only be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no issue of material fact and that the mover is entitled to judgment as a matter of law. Such a judgment is not a substitute for a trial on the merits and the burden of proof is heavily on the mover. All doubt should be resolved against him, and if there is any doubt about there being a material issue of fact, a trial on the merits is to be preferred. Ballard v. Jayakrishnan, 427 So.2d 665 (La.App. 5 Cir.1983) and the cases cited therein.
The actual facts leading to the accident have been put at issue and such issues have not been put to rest. A trial on the merits must be had before the trial court will have before it sufficient factual information to enable it to make a fair adjudication of liability. Obviously, then, a rendition of a summary judgment under the facts of this case was manifest error.
For the foregoing reasons, the judgment maintaining Employer's exception of no cause of action is maintained. The judgment granting summary judgment in favor of Enterprise, et al, and against Veals is reversed, and the matter is remanded for trial on the merits in accordance with this opinion.
Each party will bear its own costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED
KLIEBERT, J., concurs with written reasons.
KLIEBERT, Judge, concurring.
I fully agree with the majority opinion's reversal of the granting of the motions for summary judgment in favor of Enterprise and its insurer, Ranger Insurance Company, dismissing Veals' suit and disability claim against them. Although I agree with the majority's decision to affirm the trial court's maintenance of the exception of no cause of action filed by Veals against Enterprise's claim, I do not necessarily agree with the majority's reasoning for doing so. In my view, there is substantial merit in Enterprise's legal argument; hence, under the proper situation and sufficiently pled facts I believe a cause of action in tort can be alleged by the injured party, as a third party beneficiary, directly against the insured (as opposed to going through the insurer) for the insurer's breach of its duty to the insured not to misrepresent or to be in bad faith in the handling of settlement negotiations.
NOTES
[1] LA.C.C. Article 1978:

Art. 1978. Stipulation for a third party
A contracting party may stipulate a benefit for a third person called a third party beneficiary.
Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement.
Article 1981 reads:
Art. 1981. Rights of beneficiary and stipulator
The stipulation gives the third party beneficiary the right to demand performance from the promisor.
Also the stipulator, for the benefit of the third party, may demand performance from the promisor.
[2] LSA-R.S. 22:658 as it read at the time the action took place:

§ 658. Payment of claims, policies other than life and health and accident; penalties
All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees.
[3] LSA-R.S. 22:655, in pertinent part, reads:

It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy. [emphasis supplied]