FOIL, Judge.
This personal injury action arises from a rear-end vehicular collision, in which plaintiff, Iona Henry Harrell, sustained injuries. Plaintiff, the driver of the lead car, brought this suit against Crystol O’Quin, the driver of the vehicle which struck her, Greg O’Quin, the owner of the vehicle driven by Crystol O’Quin, and O’Quin’s liability insurer, Hartford Insurance Company. The trial court ruled that plaintiff and defendant were equally at fault in causing the accident, and accordingly, reduced plaintiff’s $21,988.29 damage award by 50%. Plaintiff took this appeal, challenging the assessment of fault, as well as the trial court’s exclusion of certain evidence and its failure to grant her motion for a new trial. We affirm.
APPORTIONMENT OF FAULT
Pertinent to the issue of apportionment of fault, our review of the record reveals the following: On May 30, 1986, plaintiff was driving her vehicle in a southbound direction on Plank Road in Baton Rouge, Louisiana. Defendant Crystol O’Quin, who was also headed southbound on Plank Road, struck plaintiff’s vehicle from the rear as plaintiff attempted to make a left turn off of Plank Road. Plank Road is a two lane highway, with a shoulder on each side, and this accident occurred on the crest of a small incline on that highway. At the time of the accident, it was raining heavily.
There was conflicting evidence concerning the circumstances surrounding the accident. Plaintiff testified that because of the heavy rain, she decided to turn around and return home. She stated that she had her lights on, and gave the appropriate left turn signal. She then waited until two or three cars had passed from the northbound direction, and began to negotiate the turn as she was struck by defendant’s vehicle. Two passengers in plaintiff’s car also stated that plaintiff had her lights on and had given the left turn signal prior to collision.
Defendant testified that she was travel-ling approximately 40 m.p.h. She stated that she first saw plaintiff’s vehicle as she approached the incline, when it was about 50 yards ahead of her. She testified that plaintiff’s vehicle did not have lights on, and did not give a turn signal, and thus, she was unaware that the vehicle ahead of her was stopped in the road until she was upon it. At that time, there was a car travelling in the northbound lane, and a car on the shoulder to her right, and consequently, as she was unable to pass, exit to the shoulder, or stop, she struck plaintiff’s vehicle.
*839 William Tynes, who witnessed the accident, was travelling in the northbound lane. He testified that plaintiffs vehicle did not have lights on, and did not give a turn signal. He gave a statement to the police officer investigating the accident soon thereafter to this effect. The officer then checked the lighting system on plaintiffs vehicle, and found it was in proper working order.
In determining the parties were equally at fault, the trial court found as a fact plaintiff was stopped in the roadway without her left turn signal on. Clearly, in so ruling, the trial court made a credibility determination, which is amply supported by the record, and is not, therefore, manifestly erroneous. See Rosell v. Esco, 549 So.2d 840 (La.1989). Additionally, we find no error in the trial court’s finding that such conduct constituted negligence. It is well settled that one who intends to turn from or stop upon a roadway must first ascertain that the maneuver can be made with reasonable safety, and then give an appropriate signal to following vehicles. La.R.S. 32:104; Guillory v. Gulf South Beverages, Inc., 506 So.2d 181 (La.App. 5th Cir.1987). Lastly, the trial court did not err in its assessment of equal fault on the part of both parties. See Landry v. State Farm Insurance Company, 529 So.2d 417, 422-423 (La.App. 1st Cir.1988); Anderson v. Rabb, 484 So.2d 196, 202 (La.App. 1st Cir.), writ denied, 489 So.2d 248 (La.1986).
EXCLUSION OF EVIDENCE
Plaintiff challenges the trial court’s refusal to allow her to introduce evidence of her past work history. Citing plaintiff’s failure to include a claim for lost wages in her petition, defendant objected to plaintiff’s attempt to elicit such testimony from one of the witnesses, arguing that it was irrelevant to any issue raised in the pleadings. The trial court reviewed the pleadings, and sustained the objection. Plaintiff did not move to amend the pleadings, and did not attempt to proffer the evidence.
Plaintiff’s petition enumerated and itemized three categories of damages: pain and suffering, mental anguish, and past and future medical expenses. The prayer requests judgment in the amount itemized in these three categories. The petition does not include a demand for lost wages, and does not contain a general prayer for all relief plaintiff may be entitled to under the law.
Lost wages is an item of special damages, which must be specifically alleged in the claimant’s petition. La.Code Civ.P. art. 861. Plaintiff’s attempt to introduce evidence of lost wages went beyond the scope of the pleadings, and plaintiff did not move for an amendment of the pleadings. Where evidence beyond the pleadings is timely objected to, and no offer to amend is made, exclusion of the evidence is proper. Gar Real Estate and Insurance Agency v. Mitchell, 380 So.2d 108, 109 (La.App. 1st Cir.1979). The trial court acted properly in excluding the challenged evidence.
CONCLUSION
Plaintiff’s remaining challenges, regarding the trial court’s failure to grant a new trial and her request that we remand this case to the trial court to enter written reasons for judgment, are patently without merit.[1] Accordingly, based on the foregoing, we affirm the judgment of the trial court. Costs of this appeal are assessed to appellant, Iona Henry Harrell.
AFFIRMED

. Subsequent to the appellant’s request for findings of fact and written reasons for judgment, the trial judge articulated such findings of fact and reasons at the hearing for new trial. These findings and reasons were reduced to a written transcript. Accordingly, the appellant's assignment of error concerning written reasons is without merit.