591 So.2d 387 (1991)
Cynthia Ann RANKINS, et ux., Plaintiffs/Appellees,
v.
Donald Melvin AYTCH, et al., Defendants/Appellants.
No. 23055-CA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1991.
*388 Tyler & Johnson by Tommy J. Johnson, for plaintiff/appellee, Cynthia Ann Rankins.
Rountree, Cox, Guin & Blackman by Gordon E. Rountree, for plaintiffs/appellees, Caddo Parish School Board, et al.
Beard & Sutherland by Fred H. Sutherland, for intervenor/appellee, Caddo Parish School Bd.
Doyle & Associates by Kerwin W. Doyle, for defendant/appellant, Donald Melvin Aytch.
Cook, Yancey, King & Galloway by Sidney E. Cook, Jr., for defendants/appellants, Donald Melvin Aytch and Hartford Accident & Indem. Co.
Before MARVIN, NORRIS and BROWN, JJ.
NORRIS, Judge.
Cynthia Rankins, a school bus driver employed by the Caddo Parish School Board, was injured when she was attacked by a mentally impaired student, Nicole Aytch, the daughter of Donald M. Aytch. Plaintiffs Cynthia and Clyde Rankins, defendant Donald Aytch and his insurer, the Hartford Accident and Indemnity Company, appeal a summary judgment granted in favor of defendants, the Caddo Parish School Board and certain of its named employees. For the reasons expressed, we affirm in part, reverse in part and remand.

FACTS
Nicole Aytch, aged 17 at the time of this incident, suffers from severe mental and emotional disabilities. She attended the Oak Terrace Special Education Center, where she had a history of violent temper tantrums; she had been known to strike school employees, particularly women.
After lunch on January 15, 1987, Nicole told her teacher, Jo Ann Bogues, that one of her caretakers was to pick her up from school that afternoon. Mr. Aytch customarily notified the school of any change in transportation arrangements for Nicole, but had not done so on this occasion; Ms. Bogues and office personnel attempted unsuccessfully to contact Mr. Aytch.
When the bus driven by Mrs. Rankins arrived at school, Ms. Bogues told Nicole that she would have to take the bus home because no one had been able to reach her father. Nicole became very upset and refused to board the bus. Three school employees, defendants Carlton Smith (teacher's aide), J.C. French (teacher's aide) and William Maloney (occupational therapist) physically carried Nicole onto the bus. All three men testified in deposition that Nicole appeared to have calmed down before they left the bus. Mrs. Rankins stated in her deposition that Nicole sat down on the steps by the closed door and seemed to have calmed down. The aide assigned to help Mrs. Rankins was busy with other students at the back of the bus at this time. According to school policy, the bus could not leave until all the children were seated, but Mrs. Rankins thought that once she started the bus engine, Nicole might voluntarily take a seat or the aide could escort Nicole to her seat. However, as soon as Mrs. Rankins started the engine, Nicole said she was "going to get the bus driver" and proceeded to attack Mrs. Rankins, who suffered head and neck injuries as a result.
Initially, Mrs. Rankins and her husband, Clyde Rankins, sued Nicole Aytch, her father, and Hartford. Mr. Aytch filed a "Reconventional and Third Party Demand" on Nicole's behalf against the Caddo Parish School Board, its president, Linda Sinitiere, and the four school employees allegedly *389 involved in the incident: Smith, French, Maloney and Bogues. In this pleading, Mr. Aytch claimed that Nicole had suffered pain, suffering and emotional distress as a result of the school employees' negligence and prayed for compensatory damages; he also prayed, in effect, for indemnification or contribution from the Caddo defendants. Subsequently, Aytch's insurer, Hartford, filed a cross claim for indemnification or contribution from the school board and employees Smith, French and Maloney, alleging that they knew or were substantially certain that Nicole would attack and injure Mrs. Rankins. Mr. and Mrs. Rankins later amended their petition to add the school board and employees Smith, French and Maloney as defendants on the same grounds. The school board then intervened, seeking reimbursement from Mr. Aytch and Hartford for compensation benefits and medical expenses paid to or on behalf of Mrs. Rankins.
The school board and the individuals named in Mr. Aytch's "Reconventional and Third Party Demand" filed exceptions of improper procedure, no right of action and no cause of action; the trial court sustained the exceptions and gave Mr. Aytch leave to amend. In a pleading styled "First Amended and Supplemental Petition," Mr. Aytch incorporated the negligence claim from his initial pleading and further alleged that Smith, French and Maloney knew or were substantially certain that Nicole would act as she did under these circumstances.
The school board, Bogues, Smith, French, Maloney and Sinitiere filed a motion for summary judgment urging that all claims against them were barred by the exclusivity provisions of the Louisiana Worker's Compensation Act. La.R.S. 23:1021 et seq. Prior to a hearing, movers submitted depositions and affidavits in support of their motion. The judgment granting the motion dismissed all claims against the movers, including the demands of Mr. and Mrs. Rankins, the cross claim of Hartford and Mr. Aytch, and Mr. Aytch's claims asserted in his "First Amended and Supplemental Petition."
On appeal, Mr. Aytch and Hartford, in a brief adopted by Mr. and Mrs. Rankins, argue that the school board and its employees are not immune from tort liability because the employees knew or were substantially certain that Nicole would attack Mrs. Rankins when they left the girl on the bus in an agitated condition.
Mr. Aytch filed a separate appeal adopting the argument set forth in his joint brief with Hartford, but specifically assigning as error the trial court's dismissal of his "cross-claim" for damages on Nicole's behalf.

DISCUSSION
Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Watson v. Cook, 427 So.2d 1312 (La.App.2d Cir. 1983).
While a worker's recovery from his employer or fellow workers for injuries sustained on the job is ordinarily limited to worker's compensation benefits, tort damages are recoverable if the injuries were the result of the employer's or a fellow employee's intentional act. La.R.S. 23:1032. An act is intentional within the meaning of this statute if the actor either (1) consciously desired the physical result of his act; or (2) knew that the result was substantially certain to follow from his conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981). In certain cases, summary judgment is an appropriate method of disposing of a case in which intent is a critical question. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). A motion for summary judgment is an appropriate means of penetrating allegations that a plaintiff-employee's injuries resulted from an intentional tort. See Simoneaux v. E.I. DuPont de Nemours, 483 So.2d 908 (La. 1986); Gallant v. Transcontinental Drilling Co., 471 So.2d 858 (La.App.2d Cir. 1985).
*390 Mr. and Mrs. Rankins, Mr. Aytch and Hartford do not contend that the school employees desired any injury to befall Mrs. Rankins; rather, appellants rely solely on the second prong of the Bazley test. To establish the strong causal link required under this test, a plaintiff must show that his injury was the "virtually sure" or "nearly inevitable" result of the defendant's action. Gallant, supra.
Appellants argue that since the employees knew Nicole's history and her propensity to attack female teachers and aides, they were substantially certain that she would attack and injure Mrs. Rankins. The record does not support this conclusion. The three men who put Nicole on the bus stated in their depositions that they believed she had calmed down before they left the bus, and that they would have not have left otherwise. Two of the men were only vaguely aware that Nicole had struck teachers in the past. Ms. Bogues stated in deposition that Nicole's behavior in class seemed to have improved over previous school years; moreover, as she knew of no other occasion when Nicole had been physically placed on the bus against her will, she stated that she could not have known how Nicole might react under these circumstances. Mrs. Rankins herself stated that she believed the situation to be under control when she started the bus.
The only shred of evidence that could possibly be urged in support of a finding that the school board employees' conduct was intentional within the meaning of the statute is a remark in Mr. Smith's deposition. There, in response to a leading question, he assented that it was "fair to say" that there was a substantial likelihood that Nicole would attack Mrs. Rankins under these circumstances. Appellants urge this conclusory statement created a genuine issue of material fact. In his affidavit, Mr. Smith averred that he "did not anticipate nor believe with substantial certainty" that Nicole would act as she did, a position that is consistent with every other deposition and affidavit. Summary judgment may be appropriate where documents filed in support of and in opposition to the motion present no factual contradiction but merely assert conflicting conclusions premised on the facts. Friar v. Caterpillar, Inc., 529 So.2d 509 (La.App. 5th Cir.), writ denied, 532 So.2d 178 (La.1988), citing Carmouche v. Eserman, 259 So.2d 600 (La.App. 4th Cir.), writ denied, 261 La. 825, 261 So.2d 230 (1972). We believe that this is such a case. The depositions and affidavits clearly show that the school board and its employees neither intended nor were substantially certain that Nicole would attack Mrs. Rankins. Mr. Smith's "lay opinion," elicited by leading questions, cannot under any presentation of evidence create a genuine issue of material fact. Moreover, Mr. Smith could not have known the legal significance of the term "substantially certain."
Under these circumstances, where reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, the motion for summary judgment was properly granted. See Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367, 370 (La.1976), cert. denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). To conclude that these employees could have predicted with any degree of certainty the actions of a disturbed child described as unpredictable would be manifestly unreasonable. The trial court did not err in granting summary judgment on this issue.
In Mr. Aytch's separate brief filed individually and on Nicole's behalf, he asserts that the trial court erred in granting the school board and its employees a summary judgment as to his "cross-claim" for damages against movers. This assignment is not briefed, as Mr. Aytch chose to adopt the arguments set forth in his joint brief with Hartford on the intentional tort issue. The only pleading of record styled as a cross claim is one filed jointly by Mr. Aytch and Hartford which seeks indemnification or contribution from appellees. Obviously, the "cross-claim" to which Mr. Aytch refers is actually his "First Amended and Supplemental Petition" in which he incorporates allegations from his earlier "Reconventional and Third Party Demand" to the effect that Nicole suffered pain, suffering *391 and emotional distress because of the school employees' allegedly negligent actions. The depositions and affidavits submitted by the appellees do not address the negligence issue, which we would understand to depend on a breach of the standard of care owed to a mentally disturbed student. Mr. Aytch's allegation, while unsupported, is nevertheless unrebutted. As a result, the school board and its employees were not entitled to judgment as a matter of law and we are constrained to reverse the portion of the trial court's judgment dismissing Mr. Aytch's negligence claim.

CONCLUSION
We affirm the trial court's judgment insofar as it dismisses the claims of Donald Aytch and Hartford Accident and Indemnity Company for indemnification or contribution from the Caddo Parish School Board, William Maloney, J.C. French, Carlton Randolph Smith, Jo Ann Bogues and Linda Sinitiere, and all claims of Clyde and Cynthia Rankins against the appellees. We reverse the portion of the judgment dismissing the negligence claims of Donald Aytch on behalf of his minor daughter, Nicole Aytch, against appellees. The case is remanded for further proceedings. Costs of this appeal are assessed one-half to Mr. and Mrs. Rankins, Donald Aytch and Hartford, and one-half to appellees.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.