JiWICKER, Judge.
This appeal arises from a petition for damages filed on behalf of Yvonne V. Dufrene, individually and on behalf of her minor children Shane Michael Dufrene and Jessica Leigh Dufrene and additionally as administrator of the estate of Dennis L. Dufrene (Dufrene). Dufrene brought suit against John W. Willingham (Willingham), Joel Bor-rello (Borrello), American Oilfield Divers, Inc., United States Fidelity and Guaranty Insurance Company, State Farm Automobile Insurance Company, and XYZ Insurance Company for a head-on collision which killed her husband, Dennis L. Dufrene, and left Yvonne Dufrene seriously injured. Borrello and his insurers, American Casualty Company and Continental Casualty Company, filed a motion for summary judgment seeking a dismissal of plaintiffs’ claims as well as the claim filed by the intervenor, Oschner Health Plan. The trial judge granted summary judgment, dismissing the claims against Bor-rello and his insurers. The plaintiffs now appeal. We affirm.
The petition alleges Borrello was operating a motor vehicle and that vehicle partially blocked a travel lane. His blocking of the travel lane allegedly caused or contributed to Willingham’s vehicle going out of control, crossing the median, and colliding with the vehicle driven by the decedent, Dufrene.
At the hearing on the motion for summary judgment the movers’ counsel urged that the evidence in support of the motion was uncon- *1064 troverted that Borrello was free from fault. Opposing counsel, relying on portions of the same documents used by the movers in support of their motion, argued Borrello made a left-hand turn in violation of La.R.S. 32:104. He also argued the finding of negligence was more appropriately a jury question.
Movers argued the only testimony on this issue was Borrello’s; there were no other witnesses. Thus, there was no contradictory evidence and no issue of material fact.
|2The trial judge granted summary judgment and gave oral reasons suggesting he was guided by the ultimate outcome of the case.
On appeal Dufrene specifies as error the trial judge’s granting summary judgment when there are genuine issues of material fact remaining and when the trial judge inappropriately made a credibility determination.
Borrello and his insurers attached the following in support of their motion for summary judgment: (1) Affidavit and survey by James Couturie showing relative distances on the highway; (2) Borrello’s affidavit; (3) Borrello’s deposition; (4) Willingham's deposition; (5) Yvonne Dufrene’s deposition, and (6) Craig S. Percle, Sr.’s deposition. Dufrene and Osehner adopted the following exhibits submitted by Borrello in their opposition to the motion: (1) Affidavit and survey by James Couturie; (2) Borrello’s affidavit; (3) Borrello’s deposition, and (4) Craig S. Percle, Sr.’s deposition. In addition Dufrene and Osehner attached the police report in opposition to the motion. This report was attached to show that Borrello’s statement to the investigating officer did not mention he saw the Willingham vehicle before he executed his left turn. Counsel infers Borrello did not look and had he looked he would have determined it was not safe to slow down. However, the attached police report is of little aid to the court since much of the writing is faded and unintelligible. The remaining exhibits indicate the following.
In his deposition Borrello described the highway in question as having two lanes in each direction separated by a median. He was driving headed West. Pat O’Brien sat in the front passenger seat. His son and son’s date sat in the back. Borrello was in the left lane of traffic and made a left turn to go into the parking lot of Mosca’s Restaurant. He was stopped in the neutral ground or break in the median waiting for the traffic headed East on the other side to clear before going across.
He was stopped in this position for several seconds. Borrello stated his car could have been in the left lane of traffic on the side going West depending on how wide the median ground was. He did not think the neutral ground was wide enough for his car. RHe saw lights flashing through his car while he was stopped. He then saw the truck “sort of coming behind him.” The truck hit the neutral ground, was airborne, and crashed into an oncoming car headed East. He sensed the truck coming very fast behind him.
After the impact he turned into Mosca’s parking lot. When the police came he tried to tell what he knew. After dinner he spoke to the investigating officer.
He did not know whether there were other vehicles behind his vehicle and before the truck. He was positive he was not blocking oncoming traffic but could not tell where the exact position of the left front of his car was.
Borrello’s affidavit indicates the following additional statements. His headlights and taillights were illuminated and in good working order. As he approached a bridge near the restaurant, approximately 300 feet before Mosca’s, he activated his left turn signal. As he approached the break in the median he looked in his rear view mirror and decelerated. He made a normal turn. When he stopped, the front of his ear was as close as he could get to the South edge of the median without protruding into Eastbound traffic. It was apparent to him that the driver of the truck had lost control of the truck. He was positive he did not come to a sudden stop and had been stopped several seconds before the truck passed him and struck the median.
Willingham testified he was unconscious and in a coma following the accident. The last thing he remembered before he regained consciousness was traveling in the inside left lane of traffic. He also remembered it was dark and traffic was heavy. He pled no *1065 contest to the charge of vehicular homicide and is currently on probation.
Yvonne Dufrene testified the accident occurred at approximately 6:30 p.m. on December 7, 1990. She and her husband were alone in the van. She could not recall anything about the accident.
Craig S. Percle, Sr. testified he witnessed the accident. It happened in early evening in the dark. He was driving a vehicle and was stopped at a stop sign at the intersection of Live Oak and Highway 90. He saw a truck swerve out of the inside left-hand lane of traffic. The truck went into the right-hand lane, onto the shoulder, pulled |4back, and then went across the median. Percle was concerned because he was stopped on the same side as the truck when it was proceeding along the shoulder. He did not pay attention to whether there was a car stopped in the median. His attention was focused on the truck. The truck was traveling approximately 60 to 65 miles per hour. The truck jumped the median and hit the van. Percle did not know why the truck swerved. The police report indicates the posted speed was 45 miles per hour.
Percle explained it did not appear to him the truck was just switching lanes. It looked like the truck driver “jerked” the truck.
On appeal summary judgment is subject to de novo review by the appellate court. Smith v. Our Lady of the Lake Hosp., 93-2512 (La. 7/05/94); 639 So.2d 730, 750. The Smith court explained at 750-751 that the questions before the appellate court are: (1) whether there is any genuine issue of material fact, and (2) whether the mover is entitled to judgment as a matter of law. “If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue.” Smith at 751.
The Smith court held that courts cannot make credibility determinations or weigh evidence. It is the moving party who has the burden of proving the absence of a material issue of fact. “Inferences to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party.” Smith at 752. Once the moving party has met this burden the burden shifts to the non-moving party to show there is a genuine issue for trial. “Summary judgment may be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court.” Smith at 752. Moreover, the Smith court held at 752:
Likewise, summary judgment is appropriate when all the relevant facts are mar-shalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts. Cates [v. Beauregard Electric Cooperative, Inc.,] 328 So.2d [367] at 370 [ (La.1976) ] (reasoning that “[f]rom the uneontroverted facts before us, we can reach no other conclusion under the present state of the law” to resolve contributory negligence issue on summary judgment); Sally Beauty Co. v. Barney, 442 So.2d 820, 822 (La.App. 4th Cir.1983) (summary judgment granted on intent issue when “no uncertainties that require the trial court to go beyond the evidence”); Johnson v. Edmonston, 383 So.2d 1277, 1281 (La.App. 1st Cir.1980) (summary judgment appropriate when based on review of undisputed facts reasonable men could only conclude movers were not negligent); Hamilton v. State Farm Mutual Automobile Ins. Co., 364 So.2d 215, 218 (La.App. 3d Cir.1978), writ denied, 366 So.2d 915 (La.1979) (insurer’s summary judgment motion granted on residency issue where evidence before court “without dispute and contains every fact material and necessary to a determination of plaintiffs residency at the time of accident”); Bouterie v. Kleinpeter, 289 So.2d 163, 168 (La.App. 1st Cir.1973), writ denied, 293 So.2d 169 (La.1974) (noting that merely because dispute exists as to conclusion to be drawn from facts does not preclude summary judgment); Ocmond v. Eserman, 259 So.2d 600 (La.App. 4th Cir.), writ denied, 261 La. 825, 261 So.2d 230 (1972) (finding summary judgment evidence presented no factual contradictions “only conflicting conclusions based on those facts”). Such is the case here.
Appellants argue the trial judge incorrectly made a credibility determination *1066 when he commented on what he believed to be the ultimate outcome of the case. The trial judge did not have before him disputed facts nor did he have contradictory testimony. Thus, there was no credibility determination to be made. The sole witness to testify as to the action taken by the left-turning motorist was the motorist himself. His testimony and sworn affidavit setting forth facts showing freedom from negligence were uncontradicted. Even if a jury were to attach no weight to Borrello’s testimony, there is no evidence of any negligence on his part.
Appellants also contend that since Borrello did not aver nor testify that he looked into his rear view mirror “immediately” before attempting the turn he did not discharge his burden of the duty of a left-turning motorist under Robert v. Albarado, 509 So.2d 575, 580 (La.App. 3rd Cir.1987), writ denied, 510 So.2d 378 (La.1987). His failure to make that specific statement is of no moment. Borrello averred that as he approached the break in the median he looked into his rear mirror and decelerated. He then made a “normal turn” and that he activated his signal approximately 300 feet away. Those actions show Borrello activated his signal “reasonably in advance” of the break in the median. Robert, supra, at 579. Even assuming Borrello had failed to look immediately before putting his turn signal on, he nevertheless activated the signal reasonably in advance of the turn and | (¡there is no evidence any failure to look immediately before executing the signal caused or contributed to the collision involving the truck and the van. The evidence is uncontroverted that the truck driver lost control of his truck, was intoxicated, and was speeding.
Appellants state Borrello was negligent for failing to see what he should have seen. There is no evidence that had Borrello looked into the mirror immediately before executing the turn he would have foreseen that an intoxicated, speeding driver would lose control of his truck, strike the median, and hit the van going the opposite way. There is no evidence of the location of the truck in relation to Borrello’s car prior to the activation of the left-turn signal.
Moreover, we have held in Troxler v. Bourg Trucking Service Inc., 464 So.2d 797 (La.App. 5th Cir.1985) at 799:
Louisiana law does not prohibit making U-turns except where expressly forbidden, and the Department of Transportation, has seen fit to provide gaps in the median of the highway for that very purpose.
Counsel refers to alleged inconsistencies between Borrello’s deposition and his affidavit. There are no inconsistencies. The affidavit merely supplies additional information. That information is not inconsistent with the deposition.
Appellants cite Guillory v. Gulf South Beverages, 506 So.2d 181, 185 (La.App. 5th Cir. 1987) for the proposition that a court cannot pass on the truth or accuracy of a deposition and that such findings can only be determined by trial on the merits. Appellant also argues that Borrello’s self-serving deposition should not be used to grant a summary judgment, relying on Guillory. However, in Guillory there were genuine issues of material fact remaining precluding summary judgment. This is not true here. We find Smith, supra, controlling and dispositive of the issue herein. Reasonable minds must inevitably conclude that on these facts Bor-rello and his insurers are entitled to judgment as a matter of law. Smith, supra, at 752.
^Accordingly, for the reasons stated the judgment granting summary judgment in favor of defendants, Joel Borrello and his insurers American Casualty Company and Continental Casualty Company, is affirmed at appellants’ cost.
AFFIRMED.