702 So.2d 693 (1997)
Paul T. THIBODEAUX, Ind., Plaintiff-Appellee,
v.
STAPP TOWING COMPANY, INC., Defendant-Appellant.
Jimmy FONTENOT, Ind., Plaintiff-Appellee,
v.
STAPP TOWING COMPANY, INC., Defendant-Appellant.
Nerrell GUILLORY, Ind., Plaintiff-Appellee,
v.
STAPP TOWING COMPANY, INC., Defendant-Appellant.
Kenneth MANNING, Ind., Plaintiff-Appellee,
v.
STAPP TOWING COMPANY, INC., Defendant-Appellant.
Nos. 96-1511 to 96-1514.
Court of Appeal of Louisiana, Third Circuit.
August 27, 1997.
Rex Douglas Townsley, Todd A. Townsley, Lake Charles, for Paul T. Thibodeaux, Ind., Jimmy Fontenot, Ind., Nerrell Guillory, Ind., and Kenneth Manning, Ind.
DeAnn Gibson, Clayton Arthur Larsh Davis, Mike Davidson, Lake Charles, for Stapp Towing Company, Inc.
Before COOKS, THIBODEAUX, SAUNDERS and AMY, JJ., and BABINEAUX[*], J. Pro Tem.
SAUNDERS, Judge.
In this consolidated appeal, the only question is whether La.R.S. 22:1220, which imposes upon an "insurer" the "duty of good faith and fair dealing," and penalties against "the insurer" violating this duty, may be extended to penalize a party defendant who unquestionably is not an insurer. Applying the plain language of the law, we are compelled *694 to answer both questions in the negative and reverse.
On October 2, 1994, the M/V Captain Stapp, a vessel owned and operated by the defendant, drifted into pleasure craft and a dock owned by plaintiffs. Following trial on the merits, the trial court awarded each of the plaintiffs-appellees compensatory damages of $1,500.00 to $9,316.44. Additionally, the trial court awarded two of the plaintiffs punitive damages of $5,000.00 and one in the amount of $10,000.00.
There is no question of defendant, Stapp Towing Company, Inc.'s, negligence. Rather, the only question is whether the trial court erred as a matter of law in awarding punitive relief against defendant. La.R.S. 22:1220 states in pertinent part as follows:
§ 1220. Good faith duty; claims settlement practices; cause of action; penalties
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
....
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
(Emphasis added.)
The gist of defendant's argument is that because it is not an insurer, it should not have been held liable for punitive or exemplary damages, as the penal provisions of La.R.S. 22:1220 explicitly imposes both the duty and the penalties only against insurers. As defendant points out, La.R.S. 22:1212 defines the term "insurer" as follows:
§ 1212. Definitions
C. "Insurer" means any person, reciprocal exchange, interinsurer, Lloyds insurer, fraternal benefit society, or any other legal entity engaged in the business of insurance, including insurance agents, insurance brokers, surplus lines brokers, and insurance solicitors. Insurer shall also mean medical service plans, hospital service plans, health maintenance organizations, and prepaid limited health care service plans. For the purposes of this Part, these foregoing entities shall be deemed to be engaged in the business of insurance.
In view of the fact that there is no question but that defendant is not and never has been alleged to be an insurer within the purview of La.R.S. 22:1212, we are compelled to reverse the judgment of the trial court. When a statutory or codal provision enacted by the Louisiana Legislature is clear and unambiguous, its letter shall not be disregarded under the pretext of pursuing its spirit; rather, the law is to be applied as written and no further interpretation may be made in search of the intent of the legislature. La.Civ.Code art. 9; La.R.S. 1:4. La. R.S. 22:1220, particularly when read in conjunction with La.R.S. 22:1212(C), only imposes upon insurers the duty to settle upon pain of penalties, and the trial court erred in holding to the contrary, for the law of Louisiana is clear insofar as it provides that a party cannot recover damages for failure to settle a case, except in the limited circumstances provided by statute. Yoes v. Shell Oil Co., 95-12 (La.App. 5 Cir. 5/10/95); 657 So.2d 241, writ denied, 95-2087 (La.11/17/95); 663 So.2d 714; Guillory v. Gulf South Beverages, Inc., 506 So.2d 181 (La.App. 5 Cir.1987).
In this case, plaintiffs can allude to no legal authority by which defendant, neither an insurer nor a health provider, can be held answerable for more than the damages occasioned by its delict. Nothing contained in the authority cited by plaintiffs for the proposition that La.R.S. 22:1220 is to be applied illustratively answers this key question. In fact, we observe that the cases cited by them, *695 Theriot v. Midland Risk Insurance Company, et al., 95-2895 (La.11/14/96); 664 So.2d 547, amended and affirmed, 95-2895 (La.11/14/96), 683 So.2d 681, D'Abreu v. Diesel Power International, Inc., 625 So.2d 540 (La.App. 5 Cir.1993), and Hall v. State Farm Mutual Automobile Insurance Company, 94-867 (La.App. 3 Cir. 5/31/95); 658 So.2d 204, far from suggesting that we may deviate from the clear and unambiguous wording of La.R.S. 22:1220, each involved insurers clearly falling within the definition of "insurer" contained in La.R.S. 22:1212 and toward whom the protections of La.R.S. 22:1220 were particularly addressed.
In light of the foregoing, the judgment of the trial court is reversed at plaintiff-appellees' costs.
REVERSED.
THIBODEAUX and BABINEAUX, JJ., dissent.
NOTES
[*] Honorable Allen M. Babineaux, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.