Dear Mr. Broussard:
This office is in receipt of your request for an opinion of the Attorney General concerning the interpretation of LSA-R.S. 37:1241(A) (17) which states:
 "The board may, after due notice and hearing assess a fine not to exceed the sum of five thousand dollars for each offense, refuse to license, register, certify, or permit any applicant, refuse to renew the license or permit of any person, or may revoke, summarily suspend, suspend, place on probation, reprimand, issue a warning against the person who was issued the license, registration, certificate, permit or any other designation deemed necessary to engage in the practice of pharmacy upon proof that the person has knowingly selected an equivalent drug product if the practitioner instructs otherwise, by any means, on the prescription order."
The Board of Pharmacy advises, through information provided, that there is a question as to whether the phrase, "if the practitioner instructs otherwise, by any means," is somewhat ambiguous and subject to different interpretations. The Board specifically questions whether a brand name alone would infer that a generic equivalent drug product interchange is prohibited.
LSA-R.S. 1:3 provides,
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
The word "shall" is mandatory and the word "may" is permissive.
Further, LSA-R.S. 1:4 states,
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of persuing its spirit.
It is the opinion of this office that the phrase, "if the practitioner instructs otherwise, by any means," is, in fact, clear and free of ambiguity and is not subject to different interpretations. Further, it is the opinion of this office, that the statute, as it presently reads, would prohibit an interchange of a generic equivalent when the practitioner provides only a brand name drug. The phrase "by any means", while perhaps broad is not ambiguous.
When a statutory or codal provision is clear and unambiguous, its letter shall not be disregarded under the pretext of pursuing its spirit. Rather, the law is to be applied as written and no further interpretation may be made in search of the intent of the legislature. (Thibodeaux v. Stapp Towing Co., Inc., App. 3rd Cir. 1997, 702 So.2d 693
see also, Bagert v. State Board of Ethics for Elective Officials,
La.App. 1st Cir. 1992, 594 So.2d 922).
I believe this should address your concerns. Should you have any further questions please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, Jr.,/mjb