liGREMILLION, Judge.
The plaintiff, Rita Garcia, appeals the trial court’s grant of summary judgment in favor of the defendant, Omni Insurance Group, and the dismissal of her claims against it with prejudice. For the following reasons, we reverse.
FACTS
Garcia was injured on June 4, 1999, when her vehicle was struck by a vehicle driven by Jordie Jefferson, III. Jordie, the minor son of Josephine and Jordie Jefferson, Jr., was attempting to enter Lee Street from a side street in Alexandria, *1262 Louisiana, when he struck the driver’s side of Garcia’s vehicle, which was proceeding down Lee Street. At the time of the accident, Jordie was driving a rented 1999 Lincoln Town Car, which was owned by John Decker Lincoln Mercury and insured by John Deere Insurance Company. Garcia filed suit as a result of this accident, seeking damages for injuries to her back, neck, and shoulder. Named as defendants were Josephine, as Jordie’s administratrix, John Deere Insurance Company, and Omni Insurance Group and Government Employees Insurance Company (GEICO), both insurers of the Jeffersons’ vehicles. National Union Fire Insurance Company was added as a defendant in Garcia’s first supplemental and amending petition.
In response to the petition, John Deere, GEICO, and Omni all filed motions for summary judgment on the issue of insurance coverage. Following a hearing on the motions, the trial court granted summary judgment in favor of Omni, but denied it in favor of GEICO and John Deere. Following the denial of her request for a new trial, this appeal by Garcia followed.
JgISSUE
Garcia raises only one assignment of error on appeal. She argues that the trial court erred in granting judgment in favor of Omni because La.R.S. 22:1406(F) mandates liability coverage by Omni on the Jeffersons’ rental car.
SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99); 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks in determining whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La. Code Civ.P. art. 966(B) and (C). Summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).
At the time of the accident, the Jeffersons owned a 1989 Suzuki Sidekick and a 1978 Chevrolet Camaro, both of which were insured by Omni. They also owned a 1995 Chevrolet truck which was insured by GEICO. Other vehicles owned by the Jeffersons were a 1983 truck and a 1987 Nissan. It is unclear whether or by whom these vehicles were insured. The Jeffersons leased the Lincoln from John Decker Lincoln approximately seven to eight months prior to the accident, but they purchased it shortly after the accident.
After considering the record, we find that the trial court erred in granting summary judgment in favor of Omni. La. R.S. 22:1406(F) provides:
Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the ^applicable insurance policy and rental private passenger automobiles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on multiple vehicles, at least one of which has comprehensive and collision insurance coverage, that comprehensive and collision substitute coverage shall apply to the temporary substitute motor vehicle or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source.
*1263 Since the language of La.R.S. 22:1406(F) is clear and unambiguous, we must apply it as written. La. Civ. Code art. 9. “When a statutory or codal provision enacted by the Louisiana Legislature is clear and unambiguous, its letter shall not be disregarded under the pretext of pursuing its spirit; rather, the law is to be applied as written and no further interpretation may be made in search of the intent of the legislature.” Thibodeaux v. Stapp Towing Co., Inc., 96-1511, 96-1512, 96-1513, 96-1514, p. 4 (La.App. 3 Cir. 8/27/97); 702 So.2d 693, 694; see also La.Civ.Code art. 9; La.R.S. 1:4. Applied to the facts at hand, it appears that the Jeffersons utilized the Lincoln as a rental private passenger car. Since we find that a genuine issue of material fact exists as to the status of the Lincoln, the trial court erred in finding that Omni’s automotive insurance policy did not afford coverage to the Jeffersons for the vehicle. Although Garcia failed to raise the applicability of La.R.S. 22:1406(F) at the hearing, we are allowed to render any judgment which is “just, legal, and proper upon the record on appeal.” La.Civ.Code P. art. 2164.
Omni argues in brief and at oral argument that Jordie did not have permission to drive the Lincoln, therefore, its policy does not provide coverage in this situation. However, we choose not to address that issue at this time as it presents a question of fact which was not raised in the trial court. Both the issues of whether the RLincoln was a rental private passenger car or whether Jordie had permission to drive it are questions of fact that should first be addressed by the trial court before we can review them. Accordingly, the judgment of the trial court is reversed and the matter is remanded for further proceedings.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed to the defendant-appellee, Omni Insurance Group.
REVERSED AND REMANDED.