| T PEATROSS, J.
This is an appeal from the denial by the Worker’s Compensation Judge (“trial court”) of Plaintiffs, Julie A. Robbins, claims against Defendant, Schumpert Medical Center, arising from Defendant’s failure to approve medical tests and to pay supplemental earnings benefits (“SEBs”). For the reasons stated herein, we affirm.

FACTS

On January 19, 1996, Plaintiff injured her back (L5 lumbar disc) while in the course and scope' of her duties as an employee of Defendant. Defendant paid temporary total disability benefits (“TTDs”) to Plaintiff from January 19,1996, to September 19, 1997, and again from April 7, 1998, to May 11, 1998. The parties stipulated that Plaintiffs pre-injury wages were *739 $285.20 and that the compensation for TTDs was $190.13. Additionally, in August 2000, Plaintiff was paid SEBs in an amount of $509.36.
Plaintiff underwent two surgeries as a result of her injury. Subsequently, she was examined by Dr. Robert Holladay on October 5, 1999, June 9, 2000, July 14, 2000 (an MRI was performed on this day), July 18, 2000, and August 14, 2000. As a result of his findings, Dr. Holladay, on July 18, 2000 and again on August 14, 2000, recommended that a CT scan and discogram be performed for further diagnostic purposes.
Defendant, however, denied approval of those tests because it obtained a second opinion from Dr. Gordon Mead, who had examined Plaintiff on January 17, 2000. Dr. Mead testified that the procedures were knot necessary because they would only reveal whether further surgery was warranted. It was Dr. Mead’s opinion that another surgery would expand the amount of scar tissue in the affected area and increase Plaintiffs pain. Dr. Mead rendered this opinion on August 24, 2000, but he had not examined Plaintiff since January 17, 2000, nor had he reviewed her MRI report. After a hearing, the trial court ordered the tests.
On August 14, 2000, Dr. Holladay stated that Plaintiff was temporarily totally disabled as a result of her injury and resulting pain, but that she could resume working after completing a pain management program. The parties stipulated that, since Defendant had made its last TTD payment to Plaintiff in May 1998, all claims for TTDs had prescribed. Plaintiff sought SEBs from August 14, 2000 and Defendant denied payment.
The trial court found that:
1. Defendant was not arbitrary and capricious in denying payment for the dis-cogram and CT scan;
2. Plaintiff was not entitled to TTDs from August 14, 2000, through the date of judgment because her claim for TTDs had prescribed because more than one year had elapsed from the time of the last TTD payment and the filing of her claim;
3. Defendant was not arbitrary and capricious in denying SEBs from August 14, 2000;
4. Plaintiff was not entitled to SEBs from August 14, 2000;[1] and
5. Plaintiffs claim for SEBs had not prescribed.
On appeal, Plaintiff raises the following assignments of error:
|91. The trial court erred in denying Plaintiffs claim for penalties and attorney fees for Defendant’s failure to approve medical benefits;
2. the trial court erred in denying Plaintiffs claim for SEBs from August 14, 2000; and
3. the trial court erred in denying attorney fees for Defendant’s failure to approve SEBs from August 14, 2000.
DISCUSSION
Plaintiff first argues that the trial court erred in denying her claim for penalties and attorney fees because Defendant failed to approve necessary medical benefits. The factual issues decided by the trial court in a worker’s compensation case may not be reversed absent manifest er *740 ror. See Todd v. Security Industrial Insurance, 33,233 (La.App.2d Cir.5/15/00), 759 So.2d 1082.
Louisiana law provides for the assessment of attorney fees if an employer’s denial of a claim is not reasonably controverted.
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers’ compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers’ compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
|4La. R.S. 23:1201(F). Plaintiff contends that the necessity of the tests recommended by Dr. Holladay was not reasonably controverted because Dr. Mead had not examined Plaintiff for approximately seven months and had not reviewed her MRI.
A claim is reasonably controverted, however, “when the employer or insurer produces factual or medical information of such a nature that it reasonably counters the claimant’s evidence.” Nunn v. CBC Services, Inc., 32,491 (La.App.2d Cir.1/26/00), 750 So.2d 474. Furthermore, penalties are stricti juris and should be imposed only when the facts clearly negate good faith and just cause in connection with the refusal to pay. Nowlin v. Breck Construction Co., 30,622 (La.App.2d Cir.6/24/98), 715 So.2d 112. Although we are cognizant of the fact that Dr. Mead neither examined Plaintiff after January 17, 2000, nor reviewed her MRI at the time of his recommendation, it is not the responsibility of the employer to tell the second medical opinion physician what he must and must not review. We find that Defendant denied the CT scan and disco-gram in good faith because Dr. Mead opined that the tests were not necessary. In addition, we note that Plaintiffs course of treatment did not change after the trial court ordered the CT scan and discogram. Thus, we conclude that the trial court was not manifestly erroneous in finding that Defendant’s reliance on Dr. Mead’s opinion was reasonable.
In her next assignment of error, Plaintiff argues that the trial court erred in denying her claim for SEBs from August 14, 2000. The parties, in 1.¡brief, stipulated that Plaintiff was temporarily totally disabled from that date and that any claims for TTDs had prescribed.
TTDs and SEBs are defined and distinguished as follows:
(1) Temporary total.
(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged *741 when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience ....
[[Image here]]
(3) Supplemental earnings benefits.
(a) For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at time of injury, [the employee is entitled to] supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment....
La. R.S. 23:1221. Louisiana law further distinguishes TTDs from SEBs by allowing different prescriptive periods for the two as follows:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment lfishall be forever barred unless the proceedings have been begun within two years from the date of the accident.
La. R.S. 23:1209(A).
Plaintiff argues that SEBs are in essence lesser included elements of TTDs and cites Graham v. Georgia Pacific Corporation, 26,165 (La.App.2d Cir.9/23/94), 643 So.2d 352, in support thereof. In Graham, supra, the plaintiff was injured and the employer paid TTDs until a treating physician advised the employer that the plaintiff could resume light-duty work and was no longer temporarily totally disabled. After the employer located some potential jobs within the plaintiffs geographical area and medical restrictions, it began paying the plaintiff SEBs. The plaintiff then filed a claim asserting his right to TTDs, but, on appeal, this court stated that TTDs “are not available if the claimant can engage in any employment, including employment while working in pain.”
We find Plaintiffs reliance on Graham, supra, to be misplaced. That case did not involve a claimant who was found to be temporarily totally disabled; whereas, in this case the trial court found Plaintiff to be temporarily totally disabled; and, in addition, the parties in this case have stipulated in briefs before this court that Plaintiff was temporarily totally disabled. In any event, we do not construe the statement from Graham, supra, that SEBs are in essence lesser included elements of TTDs, to mean that a claimant who is temporarily totally disabled is entitled to SEBs.
Plaintiff also cites Smith v. Ventura Foods, 99-104 (La.App. 3d Cir.6/30/99), 742 So.2d 941, in support of the proposition that a person can qualify for SEBs while not earning any wages, arguing that *742 she is entitled to |7SEBs with a zero-earnings base because she cannot earn 90% of her pre-injury wages. We find, however, that Smith, supra, is distinguishable and inapplicable here. In Smith, supra, the court utilized a zero-earnings base because, although the claimant was able to work, the employer failed to satisfy its burden of showing that alternative suitable employment was available. We, however, never reach this issue because Plaintiff admittedly could not work, i.e., she was temporarily totally disabled and incapable of earning wages.
The benefits to which a particular claimant is entitled are clearly determined by the application of La. R.S. 23:1221. When a statute is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. La. R.S. 1:4. “The law is to be applied as written and no farther interpretation may be made in search of the intent of the legislature.” Thibodeaux v. Stapp Towing Co., Inc., 96-1514 (La.App. 3d Cir.8/27/97), 702 So.2d 693. La. R.S. 23:1221(1)(a) states that a person who is temporarily totally disabled is entitled to TTDs and La. R.S. 23:1221(l)(b) states that a person who works at all is not entitled to TTDs; whereas, La. R.S. 23:1221(3)(a) provides for SEBs equal to the difference between the average monthly wages at the time of injury and average monthly wages earned or average monthly wages the employee is able to earn and that a claimant must be capable of working in order to be eligible for SEBs. We conclude, therefore, that a person who is temporarily totally disabled and not able to work is only entitled to TTDs. Furthermore, La. R.S. 23:1209(A) clearly provides for different prescriptive periods for | «claims of SEBs and TTDs. A claimant seeking TTDs must file his or her claim within one year of the last payment, and a claimant seeking SEBs must file his or her claim within three years of the last payment.
Since Plaintiff is temporarily totally disabled and is not able to earn any wages pursuant to La. R.S. 23:1221(l)(a), she is not entitled to SEBs. To find otherwise would require this court to disregard the clear wording of the statute distinguishing SEBs from TTDs and their respective prescriptive periods.
Since we find that Plaintiff is not entitled to SEBs, we pretermit any discussion of the remaining assignment of error pertaining to penalties and attorney fees for the denial of SEBs.
CONCLUSION
For the foregoing reasons, the judgment of the trial court denying the claims of Plaintiff, Julie A. Robbins, is affirmed.
AFFIRMED.
STEWART, J., concurs in part and dissents in part with written reasons.

. In its reasons for judgment, the trial judge stated that Plaintiff "is not entitled to SEB at this time because she is not in SEB status.”