JUDE G. GRAVOIS, Judge.
Claimant, Iris Paul, has appealed a workers’ compensation court judgment that sustained her employer’s exception of prescription. For the reasons that follow, we reverse the judgment under review and remand the matter for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

Claimant, Ms. Paul, was employed by the Jefferson Parish School Board (“the School Board”) as a custodial worker. On March 6, 2009, she injured her neck and left shoulder during the course and scope of her employment. She reported this injury to the School Board and began receiving temporary total disability benefits. The last payment of temporary total disability benefits was made to Ms. Paul by the School Board on July 2, 2009.
On December 1, 2010, Ms. Paul filed a disputed claim for compensation, alleging that her workers’ compensation benefits had been wrongfully terminated. On February 13, 2012, the parties entered into a Consent Judgment whereby Ms. Paul accepted a lump-sum payment of $13,000.00 from the School Board in satisfaction of her claim for supplemental earnings benefits “inclusive from the date of the alleged injury [March 6, 2009] through and including January 31, 2012.” In the Consent Judgment, the School Board also agreed to pay Ms. Paul supplemental earnings benefits from February 1, 2012 until she “is placed in a job that has been approved by her treating physician.” The Consent Judgment reserved the right of each party “to file additional claims in the future should the need arise.”
On April 12, 2012, Ms. Paul underwent surgery for a condition related to her initial injury, which undisputedly rendered her again temporarily totally disabled, thereby making her no longer eligible for *192 supplemental earnings benefits. On that date, because of her then total disability status, the School Board terminated Ms. Paul’s supplemental earnings benefits. On July 18, 2012, Ms. Paul filed a second disputed claim for compensation, alleging that her workers’ compensation benefits had been wrongfully terminated, her disability status was incorrect, she was entitled to vocational rehabilitation, and she was due costs, penalties, interest, and attorney’s fees. In response, the School Board filed an exception of prescription, asserting that since Ms. Paul had not received temporary total disability benefits since July 2, 2009, any claim that she might have to receive temporary total disability benefits resulting from her work-related injury had prescribed.
After a hearing in which the trial judge took the matter under advisement, judgment was rendered granting the exception. This timely appeal followed.

ISSUE PRESENTED FOR REVIEW

The only issue Ms. Paul presents for review is whether under La. R.S. 23:1209, the School Board’s payment of supplemental earnings benefits to her interrupted prescription as to her claim for temporary total disability benefits.
La. R.S. 23:1209(A) provides, in pertinent part:
(1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
(2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
On appeal, Ms. Paul argues that there is no language in this statute that requires the “last payment” referred to in paragraph (2) of the statute to be the same form of indemnity benefits being claimed in her disputed claim for compensation. Rather, Ms. Paul asserts that prescription can be interrupted by the payment of any type of indemnity benefits. Ms. Paul acknowledges that the statute does carve out a particular exception as to supplemental earnings benefits, requiring a formal claim to be filed within three years from the last payment of benefits pursuant to La. R.S. 23:1221(1), (2), (3), or (4).[1] She nevertheless contends that the broad language used in paragraph (2) of the statute — “[wjhere such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment ” (emphasis added) — indicates that a worker’s claim for indemnity benefits, including temporary total disability benefits, prescribes one year from the last payment of any type of indemnity benefits, whether it be temporary total disability benefits, permanent total disability benefits, supplemental earnings benefits, or permanent partial disability benefits. Ms. Paul concludes *193 that since supplemental earnings benefits were last paid to her in April 2012, prescription on her claim for temporary total disability benefits would not accrue until April 2013. Accordingly, she contends that her disputed claim for compensation filed on July 18, 2012 is not prescribed.
The School Board responds that the “last payment” contained in paragraph (2) of the statute relates back to “such payments” contained in paragraph (2) of the statute, which indicates that the “last payment” means the same type of payment last made. It contends that the wording of the statute indicates that the Legislature intended temporary total disability benefits to prescribe one year after the last payment of temporary total disability benefits. It reasons that otherwise, the statute would not need to make a separate accommodation for supplemental earnings benefits by specifying that supplemental earnings benefits prescribe from the last payment of any benefit. It specifically argues that payment of supplemental earnings benefits does not interrupt prescription as to temporary total disability benefits. It concludes that since the last payment of temporary total disability benefits was undisputedly made to Ms. Paul in July 2009, her claim for temporary total disability benefits prescribed in July 2010.
Ms. Paul relies on Neese v. Papa John’s Pizza, 10-15 (La.App. 5 Cir. 6/29/10), 44 So.3d 321, in support of her position that the “last payment” referred to in paragraph (2) of the statute does not have to be the same form of indemnity benefits being claimed in her disputed claim for compensation. In Neese, a former employer had been paid temporary total disability benefits through July 2006. He left that employment shortly thereafter. While working for another company, he reinjured himself in December 2007. He filed a disputed claim for compensation on December 1, 2008 against his current employer. The current employer filed a cross-claim against the former employer. In its ruling, this Court held that because the claimant had filed a suit within three years of his last payment, there still existed a claim for supplemental earnings benefits. This Court noted that claims for supplemental earnings benefits survive for three years of the “last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).”
Despite Ms. Paul’s contention, we find that Neese is distinguishable from the facts before us in the instant case. In Neese, the claimant was paid temporary total disability benefits from May 30, 2006 until July 11, 2006, at which time he went back to work. Importantly, he did not receive any indemnity payments of any kind for over one year after July 11, 2006. After having been involved in an accident with his second employer in December 2007, the first employer issued the claimant a check on January 30, 2008. The first employer argued that the check was sent in error as the claimant was not entitled to any further benefits. This Court found that the claimant’s claim for temporary total disability benefits had prescribed one year after he received his last temporary total disability payment, ie., one year from July 11, 2006. Because the claimant had not been paid any compensation benefits at all for over one year after July 11, 2006, any claim for temporary total disability benefits had prescribed. This Court found that the claimant’s right to supplemental earnings benefits had not prescribed because less than three years had elapsed between the date the last compensation payment had been made (July 11, 2006) and the date the disputed claim for compensation was filed (April 9, 2008). This Court also ruled that once a claim for temporary total disability benefits prescribes, it could not be revived.
*194 In the case before us, unlike in Neese, there has never been a one-year lapse in payment of indemnity benefits. The record in this case indicates that Ms. Paul was paid temporary total disability benefits covering the period from her injury in March of 2009 until July 2, 2009. She prevailed in the disputed claim for compensation filed on December 1, 2010, alleging that her benefits had been wrongfully terminated. The February 13, 2012 Consent Judgment awarded Ms. Paul supplemental earnings benefits from the date of her injury until January 31, 2012,[2] at which time supplemental earnings benefits payments were continued until Ms. Paul was “placed in a job that has been approved by her treating physician.”
The School Board relies on Robbins v. Schumpert Med. Ctr., 35,932 (La.App. 2 Cir. 4/3/02), 814 So.2d 737, writ denied, 02-1521 (La.9/30/02), 825 So.2d 1192, in support of its position that once temporary total disability benefits have prescribed, supplemental earnings benefits payments do not restart the prescriptive period for further temporary total disability benefits. However, we find that Robbins is also distinguishable from the case at bar. On appeal in Robbins, the claimant sought reversal of the trial court’s finding that she was not entitled to supplemental earnings benefits. The trial court in Robbins had held that the claimant was not entitled to temporary total disability benefits; the claimant did not appeal that finding. The Robbins court did recognize the different prescriptive periods for seeking supplemental earnings benefits and temporary total disability benefits, stating: “A claimant seeking [temporary total disability benefits] must file his or her claim within one year of the last payment, and a claimant seeking [supplemental earnings benefits] must file his or her claim within three years of the last payment.” Id. at 742. The Robbins court did not, however, define “last payment” with regards to temporary total disability payments.
The issue before us as to whether payment of supplemental earnings benefits interrupts prescription as to a claimant’s right to recover temporary total disability benefits appears to be res nova. Accordingly, in resolving this issue, we must look to the principles regarding judicial interpretation of statutes.
The central question in all cases of statutory interpretation is determination of the Legislature’s intent and the reason that prompted the Legislature to enact the law. In re Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122, 1128. The rules of statutory interpretation are designed to ascertain and enforce the intent of the Legislature. Id.; Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762, 766. Because legislation is the solemn expression of legislative will, interpretation of a law primarily involves a search for the Legislature’s intent. La. C.C. art. 2; Lockett v. State, Dept. of Transp. and De *195 velopment, 03-1767 (La.2/25/04), 869 So.2d 87, 90.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. C.C. art. 9; Lockett, 869 So.2d at 90-91. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the words of law must be given their generally prevailing meaning. La. C.C. arts. 10 and 11; Lockett, 869 So.2d at 91. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole, and laws on the same subject matter must be interpreted in reference to each other. La. R.S. 1:3; La. C.C. arts. 12 and 13; Lockett, 869 So.2d at 91.
The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it. Boyter, 756 So.2d at 1129; Stogner, 739 So.2d at 766. The statute must, therefore, be applied and interpreted in a manner, which is consistent with logic and the presumed fair purpose and intention of the Legislature in passing it. Boyter, 756 So.2d at 1129. This is because the rules of statutory interpretation require that the general intent and purpose of the Legislature in enacting the law must, if possible, be given effect. Id.
The purpose of the Louisiana Workers’ Compensation Law is “[t]o provide for the timely payment of temporary and permanent disability benefits to all injured workers who suffer an injury or disease arising out of and in the course and scope of their employment as is provided in this Chapter.” La. R.S. 23:1020.1(B)(1). This law is “to be interpreted so as to assure the delivery of benefits to an injured employee in accordance with this Chapter.” La. R.S. 23:1020.1(0(1).
The Louisiana Workers’ Compensation Act is remedial in nature, and in interpreting its statutes, the courts must keep in mind the policies and purpose behind the workers’ compensation laws. Dufrene v. Video Co-Op, Louisiana Workers’ Comp. Corp., 02-1147 (La.4/9/03), 843 So.2d 1066, 1074. To give effect to its intent, courts are bound to construe the statutes liberally in favor of providing compensation to the injured worker. Id. at 1075.
The jurisprudence has liberally construed the time limits for institution of a claim for benefits. Reinhardt v. City of New Orleans, 09-1116 (La.App. 4 Cir. 1/13/10), 30 So.3d 229, 237. Prescription statutes, including La. R.S. 23:1209(A), are construed in favor of maintaining rather than barring actions. Id.
La. R.S. 23:1209(A)(1) provides, in pertinent part:
In case of personal injury, ... all claims for payments shall be forever barred unless within one year after the accident ... the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
(Emphasis added.)
La. R.S. 23:1209(A)(2) provides, in pertinent part:
Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year *196 from the time of making the last payment, ....
(Emphasis added.)
Paragraph (1) of the statute clearly applies to “all claims for payments,” which obviously includes payments of temporary total disability benefits, permanent total disability benefits, supplemental earnings benefits, and permanent partial disability benefits. Paragraph (2) of the statute addresses “such payments ... in any case” and “last payment,” which in our opinion obviously relate and refer back to “all claims for payments” made in paragraph (1) of the statute. In summary, upon review, we find that “such payments ... in any case” and “last payment” contained in paragraph (2) of the statute obviously relate and refer back to “all claims for payments” contained in paragraph (1) of the statute, which includes payments of temporary total disability benefits, permanent total disability benefits, supplemental earnings benefits, and permanent partial disability benefits. This interpretation of the statute is consistent with the express terms of the workers’ compensation statute as a whole and with the obvious purpose and intent of the Legislature in enacting it. Accordingly, the School Board’s arguments notwithstanding, based on our interpretation of La. R.S. 23:1209(A)(1) and (2), payment of supplemental earnings benefits interrupts prescription as to claims for temporary total disability benefits.
Upon review, we find that Ms. Paul continuously received indemnity benefits (first temporary total disability benefits, followed by supplemental earnings benefits) for the injury that the School Board deemed compensable from the date of her initial injury on March 6, 2009 until April 12, 2012, when she underwent surgery for a condition related to the initial injury. She was unable to work after the surgery. Because of her total disability status following the surgery, the School Board terminated her supplemental earnings benefits. On July 11, 2012, within one year of termination of her supplemental earnings benefits, Ms. Paul filed a disputed claim for compensation, seeking temporary total disability benefits. Applying the above-discussed rules of statutory interpretation to the particular facts of this case, we find that the workers’ compensation court judge erred in finding that Ms. Paul’s claim for temporary total disability benefits had prescribed. We also find that it would go against the legislatively-declared policy and intent of the Louisiana Workers’ Compensation Laws, including La. R.S. 23:1209(A)(1) and (2), to find that Ms. Paul’s claim for temporary total disability benefits had prescribed when she became temporarily totally disabled as a result of surgery for a condition related to her initial injury that the employer deemed com-pensable, in light of the fact that she had been receiving indemnity benefits (first temporary total disability benefits, followed by supplemental earnings benefits) continuously from the date of her initial injury until the date of the surgery.

CONCLUSION

For the foregoing reasons, we reverse the judgment under review and remand the matter for further proceedings consistent with this opinion.

REVERSED AND REMANDED

. La. R.S. 23:1221(1), (2), (3), and (4) provide for the payment, respectively, of temporary total benefits, permanent total benefits, supplemental earnings benefits, and permanent partial disability benefits.

. The School Board argues on appeal that an affidavit of its claims adjuster submitted at the hearing on the exception establishes that Ms. Paul received supplemental earnings benefits only from December, 2010 forward until her surgery in April 2012. We find this argument to be unpersuasive, however, in light of the language contained in the Consent Judgment dated February 13, 2012 that the payment of $13,000.00 made to Ms. Paul as a result of the Consent Judgment was "in satisfaction of her claim of [sic] Supplemental Earnings Benefits (SEB) with said payment to be inclusive from the date of the alleged injury [March 6, 2009] through and including January 31, 2012." (Emphasis added.) Also, as noted above, the Consent Judgment further reserved to each party "their right to file additional claims in the future should the need arise," which is exactly what Ms. Paul did in filing her claim for the temporary total disability benefits at issue herein.